■ JUAN TAVERAS et al., Respondents, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Appellants, et al., Defendant. (And Third-Party Actions.) [633 NYS2d 32] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 27, 1994, which, *inter alia*, denied defendants' motions to strike plaintiffs' supplemental bills of particulars, responses to requests for expert information, and note of issue and certificate of readiness, and to preclude plaintiffs from offering into evidence the results of certain tests administered to the injured plaintiff as well as evidence of injuries as to which medical exchange had not been provided pursuant to 22 NYCRR 202.17 (h), unanimously affirmed, without costs.

The court properly exercised its discretion in declining to strike the note of issue and the supplemental bills of particulars, despite plaintiffs having served the supplemental bills after filing their note of issue and certificate of readiness (*see*, CPLR 3042 [g]). Since all of the new injuries set forth were withdrawn by plaintiffs' counsel or precluded by the court, the new allegations and the related medical exchange are no longer in issue. While the theories of liability regarding the allegedly mislevelling, gapping and improperly installed elevator were set forth for the first time in the supplemental bills, the court properly recognized that such should not be treated as impermissible amendments, since defendant Otis never sought a more definite statement of the original bills' general allegations of negligent repair and maintenance. Under the circumstances, the supplemental bills provided more in the way of amplification than variance. With respect to the supplemental claim of negligent installation, any information with respect to liability under such theory would be in Otis' possession, and thus it is not prejudiced by the addition. As with the new injuries, the expert information with which defendants find fault was stricken, the court directing service of revised expert information. Therefore, this issue is also academic. We have considered the parties' other claims for affirmative relief and find them to be without merit. Concur—Ellerin, J. P., Wallach, Nardelli and Williams, JJ.